# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| KAITLIN M. LARSEN,<br><br>Plaintiff,<br><br>v.<br><br>ISANTI COUNTY; and TARAN LEIGHT and JACOB ZIGAN, *in their individual and official capacities*,<br><br>Defendants. | Civil No. 18-2191 (JRT/HB)<br><br>**ORDER GRANTING PLAITIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT LEIGHT'S COUNTERCLAIM** |

Zorislav R. Leyderman, **THE LAW OFFICE OF ZORISLAV R. LEYDERMAN**, 222 South Ninth Street, Suite 1600, Minneapolis, MN 55402, for plaintiff.

Cally R. Kjellberh-Nelson and Dyan J. Ebert, **QUINLIVAN & HUGHES, PA**, P.O. Box 1008, Saint Cloud, MN 56302, for Defendant Isanti County.

Ryan L. Kaess, **KAESS LAW LLC**, 101 Fifth Street East, Suite 1150, St. Paul, MN 55101, for Defendant Taran Leight.

Michael T. Rengel, **PEMBERTON SORLIE RUFER & KERSHNER**, 110 North Mill Street, Fergus Falls, MN 56537, for Defendant Jacob Zigan.

Plaintiff Kaitlin Larsen filed this action on July 26, 2018, alleging that Defendant Taran Leight engaged in acts of sexual misconduct against her while she was an inmate at the Isanti County Jail. (Compl. ¶¶ 9-16, July 26, 2018, Docket No. 1.) Larsen alleges, among other things, that: (1) in July 2017, Leight initiated sexual conversations with her through text message and the jail intercom system; (2) on July 27, 2017, Leight came into her cell, asked her to "spread her legs" so that he could see her vagina, and encouraged her

- 1 -

to manually stimulate her vaginal area while he watched; (3) on July 28, 2017, Leight forcibly placed Larsen's hand on his genital area; and (4) Leight told Larsen to keep these acts and advances a secret, threatening that she would lose her job as the jail trustee if she told anyone. (*Id.*) Larsen complied with Leight's demands because she feared for her safety, feared that she would be reprimanded, disciplined, or otherwise punished, and feared that she would lose her job as the jail trustee. (*Id.* ¶¶ 9, 12.)

Leight was served with a copy of the Summons and Complaint on August 24, 2018. (Decl. of Zorislav R. Leyderman ("Leyderman Decl.") ¶ 6, Ex. 5, Nov. 14, 2018, Docket No. 14.) Leight did not file an answer or otherwise respond to the Complaint within the 21 days required by law. Rather, Leight filed his answer on October 24, 2018, 40 days after the deadline. (Def. Leight's Answer, Oct. 24, 2018, Docket No. 9.) Leight's filing included a counterclaim alleging that Larsen defamed him by reporting to a male corrections officer at Isanti County Jail that he had sexually assaulted and harassed her. (*Id.* at 4.) He alleged that Larsen's statement was false and that she knew it was false. (*Id.*) Leight did not seek leave of the Court to file a late pleading, nor did his Answer and Counterclaim contain any explanation for his late filing.

Presently before the Court is Larsen's Motion to Dismiss or Strike Leight's Counterclaim. (Pl.'s Mot. to Dismiss, Nov. 14, 2018, Docket No. 12.) Larsen asks the Court to dismiss Leight's Counterclaim on the grounds that it fails to state a claim upon which relief can be granted or to strike it because it was untimely. (Pl.'s Mem. Supp. at 3, Nov. 14, 2018, Docket No. 13.) Leight declined to respond to the motion.

Leight's Counterclaim was untimely, and he has neither provided justification for the late filing nor opposed Larsen's Motion. As such, the Court will grant Larsen's Motion and will strike Leight's Counterclaim.

Larsen also seeks to supplement the record with the Order and Warrant of Commitment that was entered in Leight's criminal prosecution. (Pl.'s Mot. to Supp., Jan. 22, 2019, Docket No. 25.) Because the Court can grant Larsen's Motion to Dismiss or Strike without considering this additional evidence, the Court will deny her Motion to Supplement the Record as moot.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(a)(1)(A), responsive pleadings must be filed within 21 days of service on the defendant. Leight filed his Answer and Counterclaim 61 days after he was served, or 40 days late.

District courts have considerable discretion when ruling on motions to strike. *See Nationwide Ins. Co. v. Cent. Mo. Electric Coop., Inc.*, 278 F.3d 742, 748 (8th Cir. 2001). Pleadings may be stricken when they are untimely. *See, e.g., United States v. Lot 65 Pine Meadow*, 976 F.2d 1155, 1156-57 (8th Cir. 1992); *Semmelman v. Mellor*, No. CIV. 05-644 MJD/AJB, 2006 WL 90094, at *3 (D. Minn. Jan. 13, 2006).

Leight could have availed himself of Federal Rule of Civil Procedure 6(b), which allows a court to extend the time for filing pleadings upon either a motion filed before the original deadline or a motion filed after the deadline if the filer shows "excusable neglect"

for the delay. But Leight has filed no such motions and has given no explanation for his late filing. He also declined to respond to the present Motion.

Leight's failure to move for an extension of time justifies striking his counterclaim. Furthermore, the Court sees no evidence that would justify consideration of his untimely filing. In considering whether to extend time based on excusable neglect, a court considers prejudice to the non-moving party, length of delay, impact of the delay on the proceedings, whether the movant acted in good faith, and any meritorious defenses. *Gold'n Plump Farms Ltd. P'ship, LLP v. Midwest Warehouse & Distribution Sys., Inc.*, No. CIV. 12-3198 JRT/LIB, 2014 WL 107777, at *10 (D. Minn. Jan. 10, 2014) (citing *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010)).

While the Court does not see a significant impact of Leight's untimely filing on these proceedings, scheduling deadlines are "important tool[s] in controlling litigation" in district courts, particularly in light of "heavy caseloads and clogged court calendars." *Luigino's, Inc. v. Pezrow Companies*, 178 F.R.D. 523, 525 (D. Minn. 1998) (internal citations omitted).

Furthermore, because Leight failed to explain his late filing, there is no evidence for the Court to consider regarding prejudice, the reasons for the delay, and whether he acted in good faith. This lack of explanation is even less justified given the significant length of the delay: 40 days. *Cf. Lot 65 Pine Meadow*, 976 F.2d at 1157 (affirming district court order granting motion to strike appellant's claim (filed 13 days late) and answer (filed 6 days late) and denying motion for extension of time).

Finally, Larsen has presented a meritorious defense to Leight's counterclaim of defamation. Under Minnesota law, defamation consists of: (1) a statement, (2) communicated to someone other than the plaintiff, (3) that is false, and (4) that tends to harm the reputation of the claimant or to lower his esteem in the community. *Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 255 (Minn. 1980). "Truth . . . is a complete defense . . . ." *Id.* Statements that are substantially true are also not actionable, and "minor inaccuracies of expression or detail are immaterial." *McKee v. Laurion*, 825 N.W.2d 725, 730 (Minn. 2013).

Larsen has submitted evidence that Leight was criminally charged for his sexual misconduct towards her and that he has since pled guilty to the charges. (Pl.'s Mem. Supp. at 2-3; Leyderman Decl. ¶¶ 2-4, Exs. 1-3.) Leight does not dispute this evidence. Larsen has presented a meritorious defense to the defamation claim through undisputed persuasive evidence that her report of sexual misconduct to a corrections officer was substantially true.

Because Leight's Counterclaim was untimely, he has offered no explanation for the delay, and he has not opposed Larsen's Motion, the Court will grant Larsen's Motion and will strike Leight's Counterclaim.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Dismiss Defendant Leight's Counterclaim [Docket No. 12] is **GRANTED**;

2. Defendant Leight's Counterclaim is **STRICKEN** from his Answer [Docket No. 9]; and

3. Plaintiff's Motion to Supplement the Record [Docket No. 25] is **DENIED as moot**.

DATED: January 25, 2019                          \_\_\_\_\_s/John R. Tunheim\_\_\_
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                                                Chief Judge
                                                           United States District Court